UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CASARES-ALVARADO,<br><br>                              Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | Case No: 12-CV-1892 W<br>              12-CR-793 W<br><br>**ORDER DENYING HABEAS CORPUS RELIEF UNDER 28 U.S.C. § 2255 [DOC. 20]** |

On July 30, 2012, Petitioner Jesus Casares-Alvarado, a federal prisoner proceeding *pro se*, commenced proceedings for habeas corpus relief under 28 U.S.C. § 2255.(*Pet.* [Doc. 20].) Respondent United States of America ("Government") opposes. (*Gov't Opp'n* [Doc. 22].) The Court decides the matter on the papers submitted and without oral argument. See S.D. Cal. Civ. L.R. 7.1(d.1). For the reasons below, the Court **DENIES** Petitioner's request for habeas relief.

//

//

## I. BACKGROUND

On March 26, 2012, Petitioner pled guilty before this Court to one count of illegal reentry of a removed or deported alien in violation of 8 U.S.C. § 1326.(*Plea Agreem't* [Doc. 11] 2-3.) Petitioner's plea was taken after he entered into a plea agreement with the Government.(*See Plea Agreem't.*) For sentencing purposes, Petitioner and the Government jointly recommended a base offense level of 8, -2 or -3 for acceptance of responsibility, and -2 for departure for Fast-Track.(*See id.* at 7.) Petitioner also purported to waive his right to appeal and to collaterally attack his resulting conviction and sentence under certain conditions:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing. term. If the custodial sentence is greater than the high end of that range, the defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this plea agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

(*Id.* at 10.)

Petitioner expressly acknowledged the knowing and voluntary nature of his guilty plea, and his understanding of the terms of the plea agreement therein. (*Id.* at 5, 11.)

On June 25, 2012, the Court conducted a sentencing hearing. (*See Gov't Opp'n* 3:15-16.) The Court sentenced Petitioner to a term of custody of 50 months, reflecting the low-end of the guideline range for the new offense level, including one year of supervised release. (*Pre-Sentence Rep.* [Doc. 13] 9; *Judgment* [Doc. 18] 3.)

On July 30, 2012, Petitioner filed his present motion for habeas relief under 28

U.S.C. § 2255. (*See Pet.*) Petitioner alleges two grounds for relief[1]: (1) violation of due process under the Fifth Amendment and (2) ineffective assistance of counsel. (*Id.* at 6-7.) Petitioner seeks to stay the judgment of removal and dismiss the deportation order. (*Id.* at 3.) The Government opposed Petitioner's motion on September 19, 2012. (*See Gov't Opp'n.*)

II.     **LEGAL STANDARD**

Under 28 U.S.C. § 2255, a federal sentencing court is authorized to discharge or re-sentence a defendant if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). This statute is intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court. See United States v. Addonizio, 442 U.S. 178, 185 (1979); Hernandez v. Campbell, 204 F.3d 861, 864 n.4 (9th Cir. 1999).

The remedy available under § 2255 is as broad and comprehensive as that provided by a writ of habeas corpus. See United States v. Addonizio, 442 U.S. 178, 184-85 (1979). But this "does not encompass all claimed errors in conviction and sentencing." Id. at 187. A mere error of law does not provide a basis for collateral attack unless the claimed error "resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." Hamilton v. United States, 67 F.3d 761, 763-64 (9th Cir. 1995) (quoting United States v. Timmreck, 441 U.S. 780, 783-84 (1979)).

---

[1] The Petitioner also claims that he did not receive proper medical care while in custody for a prior felony. This claim, even if true, is not a valid basis to undermine the validity of his current conviction and sentence.

### III. DISCUSSION

Petitioner argues two grounds for relief under § 2255: violation of due process and ineffective assistance of counsel. (*Pet.* 6.) In its opposition, the Government contends that Petitioner's right to collaterally attack his conviction and sentence through § 2255 is waived as a consequence of Petitioner's participation in the plea agreement. (*Gov't Opp'n* 3.) This Court agrees.

Courts have repeatedly upheld the validity of appeal waivers on public policy grounds. See United States v. Navarro-Botello, 912 F.2d 318, 321-22 (9th Cir. 1990); accord United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Courts will enforce a Petitioner's appeal waiver if (1) the waiver is knowingly and voluntarily made, and (2) the waiver, by its terms, waives the right to appeal. United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000). The same standard applies to waivers of collateral attack. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).

### A. Petitioner Knowingly and Voluntarily Entered into the Plea Agreement

In analyzing the knowing and voluntary nature of Petitioner's waiver, the Court considers the circumstances surrounding the plea agreement's signing and entry. United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996). Here, Petitioner signed the plea agreement waiving his right to collateral attack and represented that the guilty plea was knowing and voluntary. (*Plea Agreem't* 9-10, 5.) Petitioner certified that he had read the plea agreement (or had it read to him in his native language), discussed its terms with defense counsel, and fully understood its meaning and effect. (*Id.* at 11.)

Contrary to Petitioner's present argument of ineffective assistance of counsel, Petitioner expressly certified that he was satisfied with counsel's representation. (*Id.*) A properly argued claim of ineffective assistance of counsel may cause a plea or sentencing agreement to be unenforceable when the ineffective counsel claim challenges the voluntariness of the waiver itself. Guerra-Tapia v. United States, 2010 WL 4009424,

at *1 (S.D. Cal. Oct. 8, 2010) (citing Washington, 422 F.3d at 871). However, Petitioner's ineffective assistance of counsel claim rests on allegations that the public defender failed to argue a credible defense and aligned with prosecutors and the probation officer to plot against him. (*Pet.* 10-11). Petitioner fails to provide the Court with any evidence to support his claim that he lacked of knowledge or voluntary participation in the plea agreement. (*See Pet.*) Accordingly, the Court holds that Petitioner knowingly and voluntarily agreed to a waiver of his right to collateral attack as contained in the plea agreement.

### B. The Language of the Plea Agreement Explicitly Waives Petitioner's Right to Collaterally Attack His Conviction

A valid waiver also must, by its terms, affirmatively waive Petitioner's right to attack his conviction or sentence. See Nunez, 223 F3d at 958. In analyzing the terms of a waiver, courts apply principles of contract, including the parol evidence rule. Id. (citing United States v. Ajugwo, 82 F.3d 925, 928 (9th Cir. 1996)). Thus, courts look to the "plain language" of the instrument, and need not consider extrinsic evidence in the absence of facial ambiguity. Id.

Petitioner unambiguously agreed to waive collateral attack, except in a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposed a sentence above the high end of the guideline range. (*See Plea Agreem't* 9.) As previously mentioned, Petitioner's ineffective assistance of counsel claims fail to demonstrate how Petitioner did not participate in the plea agreement knowingly or voluntarily. (*See Pet.*) Further, the Court sentenced Petitioner at the low end of an already lowered guideline range. (*Pre-Sentence Rep.* 12; *Judgment* 2.) Accordingly, the clear terms of the plea agreement operate to waive collateral attack by the Petitioner against his conviction and sentence.

Because Petitioner knowingly and voluntarily entered into his plea agreement, and the terms of that agreement unambiguously waive Petitioner's statutory right to

collaterally attack his conviction and sentence, this Court cannot grant Petitioner relief under § 2255.

### IV. CONCLUSION AND ORDER

For these reasons, the Court **DENIES** Petitioner's motion for habeas relief under § 2255. Moreover, because reasonable jurists would not find the Court's assessment of the claims debatable or wrong, the Court **DENIES** a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). The clerk of the court is directed to close the associated civil case.

**IT IS SO ORDERED.**

DATED: December 21, 2012

Hon. Thomas J. Whelan
United States District Judge